```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X  ECF CASE
GABRIEL FISCHBARG,
                                  Civil Action No.
                    Plaintiff,    10 CV 5647 (VM)

-against-

VIACOM INTERNATIONAL, INC. ,

                    Defendant.
-------------------------------X
```

## COMPLAINT

Plaintiff, pro se, as and for his complaint against the defendant herein, hereby respectfully alleges the following:

1. Plaintiff is an individual residing in New York, New York.

2. Upon information and belief, Defendant Viacom International, Inc. is a Delaware Corporation with a principal place of business in Los Angeles, California.

3. The causes and separate counts set forth hereinbelow arise under the Copyright Act, Title 17 U.S.C. 101, et seq. as well as the common law of this state, and jurisdiction and venue are founded upon Title 15 U.S.C. 1051 et seq., Title 28 U.S.C. 1331, 1338, 1391(b), 2201 and 2202.  Venue is proper in this District.

## AS AND FOR A FIRST CLAIM FOR COPYRIGHT INFRINGEMENT

4. In or around 2002, plaintiff authored a book entitled "The Guide to Picking Up Girls" that was published and

distributed by Penguin/Putnam books everywhere books were and are sold from 2002 to the present.

5.  On or about March, 2003, plaintiff created original works under the Copyright Act of 1976 for 4 TV show written treatments entitled "America's Greatest Pick-Up Artist," "The Pick-Up Artist," "Mr. Casanova," and "From Nerd to Player" (the "Works").  Plaintiff received copyright registration PA 1-592-926 dated February 8, 2008 for the Works. The Works and the copyright registration are attached as Exhibit A hereto.

6.  The defendant obtained access to plaintiff's Works in 2005 including, without limitation, at a television production meeting in New York, New York held on September 15, 2005 involving various employees of defendant that included an employee named Valerie Elustondo who worked at defendant's offices in New York, New York.  Prior to the September 15, 2005 meeting, plaintiff had provided Ms. Elustondo with the Works through an intermediary in order for Ms. Elustondo to present them to defendant at said meeting as part of defendant's development process for developing, producing and exploiting television shows.  Ms. Elustondo agreed to accept the Works from plaintiff (and the intermediary) as part of defendant's process for developing, producing and exploiting television shows which, upon further agreement between plaintiff and defendant would result in defendant's producing a television show utilizing the

Works and defendant's distributing such show in various media, including, without limitation, any of the TV channels owned by defendant such as MTV or VH1, DVDs, computer streaming video and downloadable computer files.  Several months after defendant's September 15, 2005 production meeting described above, plaintiff was informed that defendant would not be utilizing the Works in any fashion.

    7.  On or about August 10, 2007, plaintiff learned for the first time that defendant had utilized the Works by defendant's creating, producing and distributing a television show entitled "The Pick-Up Artist" (the "Show") shown on defendant's VH1 television channel.  Plaintiff first learned of defendant's use of the Works by watching the Show on VH1 television channel on or about August 10, 2007.  Eight episodes of the Show ran on VH1 from approximately August 1, 2007 to September 30, 2007 completing a cycle of the Show.  Eight additional episodes of the Show ran on VH1 from approximately October 20, 2008 to December 20, 2008 completing a second cycle of the Show. Each of these 16 episodes were replayed many times on VH1 from August, 2007 to the present.

    8.  The defendant has infringed said copyrights by utilizing the Works in developing and producing the Show which is substantially similar to each and/or all of the Works. Defendant has profited from and exploited the Show and the Works

by selling or distributing the Show worldwide since August, 2007 to the present to television and/or cable companies, on DVDs, and through internet websites and/or computer platforms such as I-Tunes, among other media.  Defendant has also profited from the Show and the Works in other ways from August, 2007 to the present including, without limitation, through the sale of advertising during the time that the Show was broadcast on television or shown on internet websites.

    9.    Defendant has performed each of the acts referred to in the preceding paragraphs without permission, consent or authority of the plaintiff and is therefore violating the copyright of the plaintiff in the Works.  Defendant has not paid or offered to pay plaintiff for defendant's use of the Works.

    10.    As shown by Exhibit B hereto, on August 14, 2007, plaintiff requested that defendant describe to plaintiff any facts which would show whether the Show was created and developed independently of plaintiff's Works.  Plaintiff never received a response from defendant in connection with the letter attached hereto as Exhibit B.

    11.    Pursuant to 17 U.S.C. 505, the plaintiff is entitled to recover attorneys' fees and costs incurred in bringing this action.

AS AND FOR A SECOND CLAIM FOR BREACH OF CONFIDENCE

    12.    Plaintiff hereby realleges, as if fully set forth, the allegations of Paragraphs 1 through 11 herein.

    13.    As described above, plaintiff and defendant made a cooperative effort to develop the ideas and/or the specific expressions of ideas contained in the Works in order to create a television show utilizing the Works.  Given that plaintiff is just an individual and that defendant is a multi-billion dollar media conglomerate that is capable of producing televisions shows and exploiting them in various media including, without limitation, television channels owned by defendant, plaintiff and defendant were on unequal bargaining grounds regarding the Works.  As a result, plaintiff trusted defendant and relied on defendant not to exploit plaintiff unfairly or to utilize the Works without plaintiff's approval or remuneration.  Accordingly, the interaction between plaintiff and defendant with respect to the Works gave rise to a confidential or fiduciary relationship between them.

    14.  In breach of said confidential or fiduciary relationship, defendant exploited plaintiff's ideas and/or the expressions of ideas contained in the Works by utilizing the Works in developing and producing the Show and then exploiting the Show without plaintiff's approval or remuneration.  As a result of defendant's breach of confidence in violation New York

state common law, plaintiff is entitled to damages in excess of $125,000 to be proved at trial.

### THIRD CLAIM FOR MISAPPROPRIATION

15.  Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 hereof.

16.  The ideas and/or expressions of the ideas presented in the Works are novel and concrete.  Indeed, prior to the Show, there had never been a television series in any way similar to the concept of the Show or the Works.  In addition, defendant acknowledged the novelty, originality and concreteness of the the ideas and/or expressions of the ideas presented in Works by including the Works as part of defendant's television production process.

17. As described above, a confidential or fiduciary relationship between the parties existed in connection with plaintiff's submission of the Works to defendant.  Defendant utilized the Works to develop and produce the Show.  In violation of New York common law, defendant has misappropriated the Works from plaintiff and illegally utilized them without plaintiff's approval or remuneration.  As a result of defendant's misappropriation in violation New York state common law, plaintiff is entitled to damages in excess of $125,000 to be proved at trial.

### JURY DEMAND

6

18.  Plaintiff requests a trial by jury.

WHEREFORE, plaintiff prays:

1.  That defendant, its respective agents, servants, employees, officers, attorneys, successors and assigns and all persons acting under a defendant or on a defendant's behalf, be enjoined <u>pendente</u> <u>lite</u> and permanently from:

(a)  directly or indirectly infringing any of plaintiff's respective copyrights described above;

(b) manufacturing, distributing, selling, exploiting, offering for sale or holding for sale any items utilizing the Works including, without limitation, the Show; and

(c)  aiding, abetting, encouraging or inducing another to do any of the acts herein enjoined.

2.  That defendant be required to account and pay over to the plaintiff all gains, profits and advantages derived by them from defendant's copyright infringement, breach of confidence and/or misappropriation and, in addition, the damages which plaintiff has sustained by reason of the defendant's said acts.

3.  That because of the willful nature of said infringement, the Court enter judgment for $150,000.00 (under 17 U.S.C. 504 of the Copyright Act) for each copyright that has been infringed.

    4.    That the defendant be required to pay to the plaintiff the costs of this action, and reasonable attorneys' fees to be allowed by the Court.

    5.    That the defendant be required to deliver up to the plaintiff all merchandise and material in its possession or under their control which is subject to the injunctive order of this Court, including, without limitation, film positives and negatives, and any other materials for making the same, for the purpose of destruction or other disposition.

    6.    That the defendant be required to withdraw from their customers, retailers and all others all of the material specified in Paragraphs 1(a) through 1(c) hereof, including offering reimbursement for same, and delivering up the same to the plaintiff for destruction or disposition.

    7.    That plaintiff have such other and further relief as the Court deems just and proper.

```
Dated: July 26, 2010                    /s/
New York, New York        Gabriel Fischbarg, pro se
                          239 East 79th Street, Suite 4-A
                          New York, NY 10075
                          917-514-6261

                          Plaintiff
```